UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS DUFF, | ) | CASE NO. 1:09 CV 1556 |
| Plaintiff, | ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | MEMORANDUM OF OPINION |
| BARBARA MARBURGER, | ) | AND ORDER |
| Defendant. | ) ) | |

Pro se plaintiff Dennis Duff filed this action under 42 U.S.C. § 1983 against Assistant Cuyahoga County Prosecutor Barbara Marburger. In the complaint, plaintiff alleges the Defendant failed to honor an agreement for Judicial Release and immunity in exchange for his testimony in a civil case. He seeks $ 150,000.00 in damages.

**Background**

Mr. Duff claims he approached Ms. Marburger in March 2008 concerning the Michael Foster v. Gerald T. McFaul, Case No. 1:04 CV 1032 (N.D. Ohio filed May 27, 2004). He claimed to have information that would be helpful to the former Cuyahoga County Sheriff who was the defendant in that action. In exchange for this information and his testimony in court, he demanded judicial release and immunity so he would not be labeled a "snitch" by fellow inmates.[1]

---

[1] Mr. Duff is currently incarcerated in the London Correctional Institution serving an indefinite sentence of 20 to 70 years for aggravated arson, aggravated burglary, theft, burglary, and
(continued...)

He contends that Ms. Marburger agreed to these terms. He indicates he was not given either a judicial release or immunity, but was called as a witness. He states that Ms. Marburger telephoned the prison where he was housed and requested he be put into protective custody. He claims he was placed in punitive segregation for 93 days. Mr. Duff indicates that when he was brought to court, he was forced to assert his Fifth Amendment rights and was dropped from the witness list. He claims Ms. Marburger "acted with deliberate indifference and in bad faith to the Plaintiff's Constitutional rights as provided under the Eighth Amendment, as well as the due process clauses of the Fourteenth Amendment of when the Defendant had promised to have the Plaintiff released from prison and given immunity in exchange for his testimony, when in fact Defendant had no intention of doing such things." (Compl. at 3.)

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of

---

[1] (...continued)
aggravated robbery.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). Immunity also is granted to activities undertaken "in connection with [the] duties in functioning as a prosecutor, and reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," Al-Bari v. Winn, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. Id. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003). In this instance, Ms. Marburger was defending the former Cuyahoga County Sheriff in a civil suit. She is entitled to absolute immunity for her actions.

Moreover, Mr. Duff has not set forth a valid claim under the Eighth or the Fourteenth Amendments. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth

3

Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id.. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

As a threshold matter, plaintiff fails to establish the objective component of his claim. Mr. Duff alleges that he approached Ms. Marburger through his sister and offered to testify on behalf of her client in exchange for judicial release from his 20-70 year sentence and a grant of immunity. He indicates she had no intention of fulfilling either of those demands but attempted nonetheless to call him as a witness. Although he refused to testify under any other terms, he states he was threatened by other inmates for being "a snitch." These allegations do not demonstrate a deprivation of "the minimal civilized measure of life's necessities." Rhodes, 452 U.S. 337, 347 (1981).

Even if being labeled as a "snitch" could be considered to establish the objective component of an Eighth Amendment claim, plaintiff has not established the defendant acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id.

4

at 837. Mere negligence will not suffice. Id. at 835-36. Ms. Marburger telephoned the prison and requested that Mr. Duff be placed in protective custody. Even liberally construed, the complaint contains no allegations indicating she acted with a conscious disregard of substantial risk of harm.

Mr. Duff also fails to state a claim for the denial of due process. As the first step in any due process inquiry, Mr. Duff must show he has a protected liberty or property interest in early release from prison in exchange for his testimony in a civil case. The Supreme Court has stated, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Prisoners, however, have no constitutional or inherent right to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Without a deprivation of a protected liberty or property interest, there can be no denial of due process.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5

>	/S/SOLOMON OLIVER, JR.
>	UNITED STATES DISTRICT JUDGE

November 24 , 2009